Green, J.,
delivered the opinion of the court.
The only question we need notice in this case is, whether his honor, the circuit judge, instructed the jury correctly when he told them, that, “ whether the adverse claim asserted by defendant were or not known to said Bowman, would make no difference; that Bowman had the right to consider defendant as his tenant, notwithstanding he knew that defendant disclaimed all tenancy under, or title to said' property, in Bowman. That after knowledge, by Bowman, of such adverse holding by defendant, Bowman could make a lease of said property to plaintiff, and this' lease was not void, cham-pertous or illegal.”
This part of his honor’s instruction to the jury, is in direct conflict with the judgment of this court, in the case of Copps vs. Bullard, 2 Hum. R., 409.
In that case, the court holds, that the statute prohibits the sale of land, or any interest therein, if the same at the time of the sale be in the adverse possession of another, although the party thus adversely holding, may, in an action by the owner of the land against him, be under the estoppel of a previous tenancy, which, as against the party from whom he derived the possession, the law does not permit him to dispute. The court in that case say, that the only question is, was the land adversely held; and if it were, no matter by whom, or how long, a sale thereof is prohibited.
Adverse possession is a matter of fact; and although the law will not permit a tenant to dispute his landlord’s title, so as to resist his recovery of possession, yet it is certain he may assume an adverse attitude towards his landlord; and if this continue seven years, he may effectually resist his landlord’s .title. But this could not be, if, during the entire seven years, his possession had not been adverse; and, consequently, as a matter of fact’, the possession is adverse, whenever the tenant *593 disclaims to hold under his landlord with the knowledge of the landlord.
The last clause of the first section of the act of 1821, ch. 66, provides, that “ if any person shall sell any lands or tenements, not having possession thereof by himself, agent or tenant, and which land is adversely held under color of title, champerty shall be presumed.” And the first proviso of that section declares, that bona fide sales and mortgages of lands “ not adversely held, shall be valid; but if such lands be adversely held, the sale, by necessary implication, is invalid.
This construction of the act of 1821, having been directly adjudged in the case of Copps vs. Bullard, decided more than ten years ago, and never questioned until now, we are not inclined to disturb. A steady adherence to former adjudications, is of such importance that we are not disposed to question them, unless they shall appear to have been founded upon clearly erroneous principles, or are mischievous in their tendency.
Reverse the judgment.